IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WESLEY THOMPSON,**

    Petitioner,                     **CASE NO. 2:09-CV-739**
                                        **JUDGE GRAHAM**
v.                                   **MAGISTRATE JUDGE KING**

**WARDEN, Ohio State Penitentiary,**

    Respondent.

## OPINION AND ORDER

On October 12, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed. *Report and Recommendation*, Doc. No. 13.  Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.  Objection*, Doc. No. 15.  For the reasons that follow, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation that claims one and four be dismissed on the merits.  He asserts that the record establishes that he is actually innocent of the charges upon which he stands convicted.  He again argues that "the appellate court's factual findings demand a finding of insufficient evidence as a matter of law," and contends that he was denied a fair trial because he was prohibited from introducing defense witnesses to impeach the testimony of prosecution witness Isaac Jackson. *Objection,* at 3.  Petitioner again raises all the same arguments that he previously presented in support of his habeas corpus petition.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded by

petitioner's arguments.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)(footnote omitted).  Petitioner has failed to meet this standard here.

Therefore, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** in this action.

It is so ORDERED.

                                                  s/ James L. Graham
                                                  JAMES L. GRAHAM
                                                  United States District Judge

DATE: November 3, 2010